Matter of Christopher T. L. (Sayid L.) (2020 NY Slip Op 00133)





Matter of Christopher T. L. (Sayid L.)


2020 NY Slip Op 00133


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09161 
2018-09162
2018-09163
2018-09164
 (Docket Nos. B-17360-14, B-17361-14, B-17362-14, B-25415-16)

[*1]In the Matter of Christopher T. L. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Sayid L. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Destiny M. L. (Anonymous), also known as Destiny D. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Sayid L. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Timothy B. L. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Sayid L. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)
In the Matter of Aaliyah J. L. (Anonymous), also known as Aaliyah L. (Anonymous), also known as Aaliyah D. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Sayid L. (Anonymous), appellant, et al., respondent. (Proceeding No. 4.)


Anthony DeGuerre, Staten Island, NY, for appellant.
Wingate, Kearney & Cullen, LLP, Brooklyn, NY (Claire Steinman of counsel), for petitioner-respondent.
Fariah Amin, Long Island City, NY, attorney for the children Christopher T. L., Timothy B. L., and Aaliyah J. L., also known as Aaliyah L., also known as Aaliyah D.
Louisa Floyd, Brooklyn, NY, attorney for the child Destiny M. L., also known as Destiny D.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals [*2]from four orders of fact-finding and disposition of the Family Court, Queens County (Diane Costanzo, J.) (one as to each child), all dated April 11, 2018. The orders of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings, inter alia, to terminate the father's parental rights with respect to the four subject children on the ground of mental illness (see Social Services Law § 384-b[4][c]). After a fact-finding hearing, the Family Court found that the father was presently, and for the foreseable future, unable by reason of mental illness to provide proper and adequate care for the children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
Terminating parental rights on the ground of mental illness requires the petitioning agency to show by clear and convincing evidence that the parent is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the child by reason of the parent's mental illness (see Social Services Law § 384-b[4][c]; Matter of Joyce T., 65 NY2d 39, 48; Matter of Elijah L.J. [LaToya J.], 173 AD3d 1184, 1185).
Here, at the fact-finding hearing, an expert psychologist who interviewed the father and reviewed relevant records testified that the father had a long history of psychiatric problems and suffered from bipolar disorder, as well as unspecified cannabis use disorder and unspecified intellectual disability. The expert psychologist also testified that the father was historically noncompliant with his medication, failed to consistently attend therapy, displayed no insight into his difficulties and how they might prevent him from caring for the children, and did not have an understanding of the children's special needs. Contrary to the father's contention, the expert psychologist established the petitioner's prima facie case, and therefore, we agree with the Family Court's determination to deny the father's motion, made at the close of the petitioner's case, to dismiss the petitions insofar as asserted against him (see generally Social Services Law § 384-b[6][c]; Matter of Catalina A. [Evelyn C.], 157 AD3d 667, 667-668). Further, we agree with the court's finding that there was clear and convincing evidence that the father was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the children, and the court's determination to terminate the father's parental rights with respect to those children (see Social Services Law § 384-b[4][c]; Matter of Elijah L.J. [Latoya J.], 173 AD3d at 1185; Matter of David A.H. [George T.J.], 163 AD3d 564, 565).
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court